Woodward v. Boro.

I. JULIA WOODWARD, et al. v. JAMES BORO, et al.

1. REGISTRATION LAWS. *Noting for registration.* When a deed is ac-knowledged and noted for reisgtration " on a certain day, and is sub-sequently registered, the registration takes effect from the date the deed was noted for registration."

2. STATUTE OF LIMITATIONS. *Legal and Equitable estates. When both barred.* If an estate in fee is vested in a trustee, and adverse posses-sion is taken and held against him for seven years, the legal estate of the trustee is barred, and consequently the estate of the *cestui que trust* is also barred.

---

FROM SHELBY.

---

Appeal from the Chancery Court at Memphis. W. W. McDOWELL, Ch.

W. M. RANDOLPH for complainants.

HARRIS & TURLEY, H. C. KING and C. W. FRA-ZER for defendants.

DEADERICK, C. J., delivered the opinion of the court.

Complainants, the widow and children of A. Wood-ward, deceased, filed the bill in this case August 3, 1880. Its object is to recover a tract of forty-three acres of land in or near Memphis. Woodward, on May 24, 1862, purchased the tract of one Dunlap, and on May 30, 1862, conveyed the same to one Hawley, as trustee. The deed describes the land and recites that he, Woodward, contemplates making the said tract of land a place of residence for himself and family, and bargains, sells and conveys to said R. B.

Hawley, as trustee, all said tract of land, etc., to him and his heirs forever, for the uses and trusts following, etc. The deed then stipulates that the grantor is to use, possess and enjoy the premises, the same during his natural life, and may sell it by uniting with his wife in a conveyance of it, and if said land remain unsold at his death, and his wife should survive him, then she and her children shall have the joint interest, use and enjoyment of said premises during the life of his said wife; they not to be disturbed, nor shall the wife dispose of nor the children encumber it to her prejudice, and after the death of the grantor and his wife, it shall be the duty of the trustee to execute a deed of release in fee to said children.

Defendants answered the bill, setting out a deed to said land from Woodward to their father, executed July 16, 1862, and relying upon the plea of the statute of limitations of seven years' adverse possession under the deed, the plea of innocent purchaser, and other defenses.

The chancellor dismissed complainants' bill and they appealed, and pending the appeal the complainant, I. Julia Woodward, died. The Referees recommend an affirmance of the decree, and complainants have excepted.

It appears that James Boro, the father of defendants, purchased the property July 16, 1862, and took a deed for it of that date, paying the purchase money in full at the same time. He went into possession immediately, without actual knowledge of the deed of May 30, 1862; and he remained in possession up to

the time of his death, in 1864, leaving his family in possession, who have ever since, by themselves or tenants, remained in possession, so that the possession has been continuously held, adversely to the complainants, since July, 1862.

The defendants attack the title of complainants upon the ground that the deed to them was not delivered nor properly registered. It was acknowledged by the grantor on the day of its execution, May 30, 1862, and noted for registration on same day by the register, and was subsequently registered, and this is sufficient, under section 2073 of the Code (old), to give its registration validity from the date it was so "noted for registration." And because of this noting for registration and subsequent registration, the "noting" was constructive notice to Boro of the previous conveyance, and the "plea of innocent purchaser without notice" must fail. But upon the plea of the statute of limitations of seven years, we are of opinion the defendants must prevail.

The deed of Woodward to Hawley, trustee, conveys the whole estate in trust to Hawley, and directs that he hold the estate in trust for himself, Woodward, and his wife and children, and at the death of Woodward and wife, release by deed the fee to his children. Woodward died in 1878. His sale to Boro, in 1864, was in violation of the trust, and when Boro took possession under his deed his adverse possession began, and the trustee might then have brought suit to recover the property as the holder of the legal title.

The case of *Wooldridge* v. *The Planters' Bank*, 1

Sneed, 297, is very similar to the present case, in respect to the interests of the several beneficiaries in the trust deed. In that case, suit was brought by the wife and children of Jno. P. Wooldridge, in February, 1852, against the bank, to recover a tract of land in its possession, which was conveyed in trust to I. C. Walker, March, 1839, by Wooldridge, who held the land by title bond. And June 27, 1840, Yerger, the vendor of Wooldridge, made a deed in fee to Walker, trustee, for Wooldridge, in pursuance to his title bond. The land was charged with a trust to pay debts, and after their discharge to hold the balance of the property conveyed in further trust, to apply the annual rents, profits and hire thereof to the support of the complainant, Susan, and also the maintenance and education of the other complainants, his three children, until they marry or attain the age of twenty-one years, and then each of the children to have one-third of the property. The bank sold the lot under an execution "wholly inoperative," it is said, against the conveyance in trust. But in 1842, the bank took a deed from the sheriff as purchaser, and then went into possession, held under its deed up to the filing of the bill, in 1852, and relied upon the plea of the statute of limitations. This court held, McKinney, J., delivering the opinion, that Walker, as trustee, held the exclusive legal title to the lot conveyed in trust, and neither he nor his successor, White, took any steps to enforce complainants' claims, and they were barred, and the beneficiaries were also barred. It is added that "this is not a case for the appli-

cation of the principle laid down in *Smith* v. *Thompson,* 2 Swan, 386." And in the 2 Swan case it is held, that a more liberal construction is allowed where the subject of the trust is personal estate than is admissible where it is real estate, and that case also recognizes the distinction between trusts under a will and a deed, holding that in the former the intention should prevail over the more strict construction required in cases of deeds: *Ibid,* 390. Most of the cases relied on by complainants are upon the construction of wills. In the case in 7 Cold., 585, it is held that "if an estate in fee is vested in a trustee, and adverse possession is taken and held against him for seven years, the legal estate of the trustee would, under our statute of limitations, be barred; and this would operate as a bar to the equitable estate of the *cestue que trust."* See also 8 Hum., 569, 570; 2 Head, 76, 78.

Undoubtedly the legal title to the tract of land in controversy was vested exclusively in the trustee, Hawley, and the statute began to run against him upon the taking of possession by Boro, in July, 1862, and having been adversely held up to the time of bringing the suit, he, and also the beneficiaries named in the trust deed, are barred.

The report of the Referees is approved, and the chancellor's decree will be affirmed.